OPINION
Plaintiff-appellant Paul F. Bok ("Bok") brings this appeal from the judgment of the Court of Common Pleas of Defiance Count granting the amended qualified domestic relations order ("QDRO") submitted by defendant-appellee Nancy A. Bauer, fka Bok ("Bauer").
On January 30, 1987, the trial court entered a judgment granting a divorce to Bok and Bauer. As part of the final decree, the trial court issued a QDRO regarding the parties interest in Bok's pension. On March 29, 2000, the plan administrator of the pension requested that an amended QDRO be filed to meet the plan requirements.[1] Bauer then prepared an amended QDRO and submitted it to the administrator and to Bok in July 2000. The revised plan was approved by the administrator. On November 15, 2000, Bauer sent Bok a letter asking for confirmation of his approval of the plan since he had not notified her of any objections. Bok informed Bauer on December 21, 2000, that he had objections and had consulted an expert. On February 20, 2001, Bauer again asked Bok for an approval and was told that the expert was still working on it. On March 14, 2001, Bauer again requested an approval of the QDRO from Bok. No response was given.
 On April 24, 2001, a copy of the amended QDRO was filed with the trial court for approval without Bok's approval and without motion for amendment. The amended QDRO clarified the terms of the original QDRO as requested by the plan administrator, but it did not alter the consequences of the original QDRO. The trial court then approved the amended QDRO. No appeal of the April 24, 2001, entry was filed. On May 17, 2001, Bok filed a motion for a hearing on the amended QDRO, claiming that the trial court did not have jurisdiction to approve the amended QDRO and that the amended QDRO did not follow the intent of the original QDRO. A hearing was held on September 26, 2001, on the matter and Bok's expert testified as to why Bok's proposed amended QDRO was more appropriate than Bauer's proposed amended QDRO. On October 9, 2001, the trial court approved the amended QDRO as submitted by Bauer and ordered that it be instituted immediately. It is from this judgment that Bok appeals.
Bok raises the following assignments of error.
The trial court erred as a matter of law and abused its discretion byissuing an amended [QDRO] without the filing of a motion to amend ormodify the court's prior judgment entry dated September 14, 1987.
The trial court erred as a matter of law by issuing an amended [QDRO] without affording [Bok] substantive and procedural due process, including service of process and an opportunity to be heard with respect to such amendment.
The trial court erred as a matter of law and abused its discretion by issuing and approving the amended [QDRO] on April 24, 2001, in that such amendment exceeds its retention of "limited jurisdiction to amend [the 1987 judgment entry] only for the purpose of meeting any requirements to create, conform, and maintain this order as a [QDRO] pursuant to the retirement equity act of 1984.
The trial court erred as a matter of law and abused its discretion by placing the burden of proof on [Bok] at [the] hearing to set aside its amended [QDRO] issued April 24, 2001, rather than placing the burden of proof on [Bauer] to show the need for modification consistent with the court's limited continuing jurisdiction.
To the extent that the trial court possesses the inherent authority to correct errors, clarify meaning and construe ambiguities in its prior orders, the trial court erred as a matter of law and abused its discretion by substantively amending the order from an order equally dividing [Bok's] pension fund as it existed September 14, 1987, utilizing 1987 accrual rates, without consideration of or divisions of future contributions, to an order utilizing accrual rates at the time of retirement and a coverture fraction not included in either the 1987 judgment entry of divorce or the 1987 judgment entry dividing [Bok's] pension.
The trial court abused its discretion by finding that "the 1987 entry was intended to give Mrs. Bok the traditional coverture fraction of the benefits whenever they were paid," which finding is not supported by the evidence and is against the manifest weight of the evidence.
The trial court abused its discretion by finding that [Bok's] "objection regarding accrual rates is a relatively recently-devised theory to avoid payment of what ought to be paid under the intent of the prior court order", which finding is not supported by the evidence and is against the manifest weight of the evidence.
The trial court abused its discretion by finding that "the 2001 [QDRO] . . . better reflects the intent of the court in 1987 than [Bok's]", which finding is not supported by the evidence and is against the manifest weight of the evidence.
The first two assignments of error raise procedural errors from the April 24, 2001, judgment entry. Bok claims that the trial court erred by approving the amended QDRO without jurisdiction to do so and without giving him notice of the filing of the QDRO. Civ.R. 75(J) provides as follows:
 The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6.
 In this case, the record is clear that no motion was filed by Bauer and no notice was given to Bok prior to the judgment entry approving the QDRO on April 24, 2001. However, it is not this entry from which Bok appeals. No appeal was taken from the April 24, 2001, entry and the time for that appeal has passed. Bok's appeal arises from the October 29, 2001, judgment entry.
On May 17, 2001, Bok filed a motion requesting a hearing on the amended QDRO. This motion was granted and a hearing was held on September 26, 2001. At the hearing, Bauer presented her amended QDRO. Bok also presented a QDRO and had his expert testify as to why his was a better plan. Bok's plan called for Bauer to get 50% of the pension plan as available in 1987. Bauer's plan called for Bauer to get 50% of the marital portion of the plan, which includes the accrual on that portion. We note with interest that Bok's plan specifies as follows:
 If Alternate Payee predeceases Participant prior to the commencement of Alternate Payee's benefits, the Alternate Payee's portion of Participant's benefits, as stipulated herein, shall revert to the Participant.
Plaintiff's Ex. 7. This clause directly contradicts the original QDRO incorporated into the 1987 judgment entry which provides as follows:
In the event Alternate Payee predeceases the Participant before herbenefits pursuant to Paragraph 1 above become payable, Alternate Payee'sbenefits shall be paid to Darren L. Bok, Amy R. Bok, and Jennifer Bok,equally, per stirpes.
Original QDRO, 3. After the hearing, the trial court determined that the amended QDRO filed by Bauer was the one that carried out the intent of the 1987 judgment entry and ordered it implemented. Since Bok filed a motion which invoked the trial court's continuing jurisdiction, had notice of the hearing and had a hearing at which he was permitted to present his evidence, the trial court complied with the civil rules and did not err. Thus, the first two assignments of error are overruled.
In the fourth assignment of error, Bok claims that the trial court erred by placing the burden of proof on him. However, this is not an original action. This was an action to clarify the original QDRO so that the plan administrator could implement it. The only question of fact that was raised was whether the original QDRO needed to be amended, thus invoking the trial court's jurisdiction. Both parties stipulated that the original QDRO could not be implemented, as shown by the plan administrator's letters, and that an amended version needed to be implemented. The only dispute was which version, Bok's or Bauer's, carried out the intent of the 1987 judgment entry and should be implemented. This is a question of law for the trial court. Bok presented expert testimony to explain to the trial court why his version of the amended QDRO was more appropriate. Bauer presented the letters from the plan administrator showing what needed to be amended and her own plan to show how the administrator's concerns were answered. Neither party had any burden to prove facts as there were no questions of fact, only a question of how to implement the QDRO to match the intent of the 1987 judgment entry. The only burden Bok had was to persuade the court as to why his version was better than that submitted by Bauer. Thus, the fourth assignment of error is without merit and is overruled.
The remainder of the assignments of error question the appropriateness of the trial court's judgment. The third assignment of error is that the trial court exceeded its authority because it did more than correct clerical errors. If the trial court expressly reserves jurisdiction, it may modify a QDRO. Weller v. Weller (1996), 115 Ohio App.3d 173,684 N.E.2d 1284. Pursuant to R.C. 3105.65 a trial court may enforce a decree where there is confusion and may clarify the order to resolve the dispute. Id.
Here, the plan administrator notified the parties that the 1987 QDRO could not be implemented because it was too ambiguous. Thus, the trial court had the authority to modify the QDRO in order to clarify the order and allow for the implementation of the plan. Although Bok claims that the trial court's order changed the intent of the original plan, a review of the 1987 QDRO and Bauer's amended QDRO are not inconsistent. Bok claims that the new order gives Bauer more than she should have received because it permits her all of the accrual on her 50% of the marital portion of the pension. However, this is not contrary to the original QDRO or to law. Bauer's interest in her portion of the pension vested in 1987. Any accrual on that portion of the pension also belongs to her. Since this is not inconsistent with the intent of the original QDRO, the third assignment of error is overruled.
The fifth, sixth, and seventh assignments of error claims that the trial court should have used Bok's method of accrual and not that of Bauer's. Bok argues that since he was the only one to present evidence, his evidence was not contradicted and the trial court had to adopt his plan. However, Bok admits in his brief that the plan proposed by Bauer and adopted by the trial court were "legitimate and recognized means for dividing pensions." Bok's brief, 13. If this were a hearing to set forth an original QDRO, Bok's argument would be correct and the trial court would have to make a finding based upon the evidence. However, this is a hearing to clarify the original QDRO so the only question before the trial court is which plan more closely follows the intent of the original judgment entry. To make this determination, the trial court need only compare the two plans to the original. Although the expert's testimony may have been helpful to the trial court, the expert did not claim that his method of division was the only one. The expert testified that it was his opinion that his method was better than that used by Bauer. The trial court disagreed with this opinion and chose Bauer's method. Since Bauer's method was a legitimate method, the trial court did not err in doing so. The fifth, sixth, and seventh assignments of error are overruled.
Finally, Bok argues that the trial court erred by selecting Bauer's proposed amended QDRO over Bok's proposed amended QDRO. Once again Bok argues that the trial court's finding was not supported by the evidence. As discussed above, the evidence, which includes not only the testimony of the expert, but the two proposed amendments, the 1987 judgment entry, and the original QDRO supports both plans as possible divisions of property. However, as shown above, Bok's plan contained a clause that was directly contrary to that expressed in the original QDRO. Given this fact and the admission of Bok that Bauer's method of division was legitimate, the trial court did not err in finding that Bauer's plan most clearly expressed the intent of the original QDRO. Thus, the eighth assignment of error is overruled.
The judgment of the Court of Common Pleas of Defiance County is affirmed.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.
[1] The matter arose when Bok began receiving his pension benefits.